NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-7064

AGRIFINA C. BARO,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: October 6, 2006

_____

Before LINN and PROST, Circuit Judges, and SARIS, District Judge.*

PER CURIAM.

Agrifina C. Baro appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") which denied service connection for her husband's death and denied entitlement to accrued benefits. Baro v. Nicholson, No. 04-1260 (Vet. App. Dec. 1, 2005). We dismiss for lack of jurisdiction.

---

* Honorable Patti B. Saris, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

Ms. Baro's appeal to this court can be best construed as relying on two theories. The first is that the Veterans Court failed to find that her husband's death was service connected. Because the determination of whether an injury is service connected is a factual determination, it is outside the jurisdiction of this court. Therefore, we decline to address Ms. Baro's arguments with respect to that issue.

Secondly, Ms. Baro's appeal can be read to argue that the Veterans Court erred by failing to apply 38 U.S.C. § 5107(b). This statute requires that

> [t]he Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C. § 5107(b) (2000). Ms. Baro's argument may either be that the Veterans Court did not consider all the evidence before it, or, having found that the evidence for and against her claim was relatively balanced, the court should have found in her favor. In either case, this argument constitutes a challenge to the application of law to the facts of this case. Such an issue is outside of this court's jurisdiction. 38 U.S.C. § 7292(d)(2) (2000).

Accordingly Ms. Baro's appeal is dismissed for lack of jurisdiction.

No costs.